1

2

3

4

5

6

7

8

9

10

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

11

12

13

14

15

16

EBRAHIM SHABUDIN,

Petitioner,

v.

ANTHONY CASTELLANO,

Respondent.

Case No. 22-cv-02057-LB

**ORDER TO SHOW CAUSE**

Re: ECF No. 1

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

The petitioner, Ebrahim Shabudin, was convicted of conspiracy, securities fraud, making false bank entries, and other financial crimes in 2015.[1] The court sentenced him to 97 months in prison and ordered him to forfeit his salary of $348,000.[2] He is currently on supervised release. Following a partially successful appeal and the denial of an earlier habeas petition based on ineffective assistance of counsel, the petitioner now seeks habeas relief under 28 U.S.C. §§ 2241 and 2255(e) on the grounds that new Supreme Court and Ninth Circuit decisions establish that the government's theory against the petitioner was "legally insufficient to support a federal fraud

---

[1] Pet. – ECF No. 1 at 6. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.*

ORDER – No. 22-cv-02057-LB

United States District Court
Northern District of California

1   prosecution."[3] Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United

2   States District Courts, the court reviews the petition to determine if "it plainly appears" that the

3   petitioner is "not entitled to relief."[4] Because the petition satisfies this minimal standard, the court

4   orders the respondent, Anthony Castellano, to respond to the petition.

6                                             **STATEMENT**

7         In 2015, a jury in the Northern District of California convicted the petitioner of conspiracy,

8   securities fraud, making false bank entries, and other financial crimes in Case No. 4:11-cr-00664-

9   JSW-1.[5] The court sentenced the petitioner to 97 months in prison and ordered the forfeiture of his

10   $348,000 salary.[6] The court also ordered him to pay $946 million in restitution.[7] The petitioner

11   appealed and the Ninth Circuit affirmed the conviction but reversed the restitution award.[8]

12         In 2018, the petitioner unsuccessfully sought habeas relief under 28 U.S.C. § 2255 based on

13   ineffective assistance of counsel.[9] Specifically, the petitioner argued that his trial counsel should

14   have challenged the U.S. Sentencing Guidelines calculations at the time of sentencing.[10] The court

15   denied the petitioner's habeas petition under § 2255 in October 2019.[11] The petitioner voluntarily

16   dismissed an appeal of this order.[12]

17         Having been released in January 2022, the petitioner is currently on supervised release under

18   the U.S. Probation Office for the Northern District of California, headed by the respondent

19

20   _____

    [3] *Id.*

21   [4] Rules Governing Section 2255 Proceedings for the U.S. Dist. Cts. (Dec. 1, 2019),
    https://www.uscourts.gov/sites/default/files/rules_governing_section_2254_and_2255_cases_in_the_u.
22   s._district_courts_-_dec_1_2019.pdf.

23   [5] Pet. – ECF No. 1 at 6.

    [6] *Id.*
24   [7] *Id.* at 12–13.

25   [8] *Id.* at 13 (citing *United States v. Shabudin*, 701 F. App'x 599 (9th Cir. 2017)).

26   [9] *Id.* at 13.

    [10] *Id.*
27   [11] *Id.* at 14; Ex. M in Supp. of Pet. – ECF No. 1-14.

28   [12] Pet. – ECF No. 1 at 14.

United States District Court
Northern District of California

1   Anthony Castellano.[13] The petitioner now seeks habeas relief under 28 U.S.C. §§ 2241 and

2   2255(e) based on new Supreme Court and Ninth Circuit decisions, from 2020 and 2021,

3   respectively. These decisions were issued after the denial of the petitioner's first habeas petition

4   and purportedly establish that the government's theory against the petitioner is "legally

5   insufficient to support a federal fraud prosecution."[14]

6       The petitioner specifically relies on *Kelly v. United States*, 140 S. Ct. 1565 (2020) and *United

7   States v. Yates*, 16 F.4th 256 (9th Cir. 2021). In *Kelly*, which was a criminal fraud case arising

8   from the closure of the George Washington Bridge under New Jersey Governor Chris Christie, the

9   Court held that federal property fraud statutes "bar only schemes for obtaining property." 140 S.

10   Ct. at 1574. And in *Yates*, which involved bank fraud and conspiracy, the court found that an

11   "accurate-information theory" — *i.e.*, a theory that there was an illegal conspiracy to "conceal the

12   true financial condition of the Bank" — was legally insufficient because "[t]here is no cognizable

13   property interest in the ethereal right to accurate information." 16 F.4th at 264–65 (cleaned up).

14   The petitioner claims that, under these recent decisions, he would not have been convicted of

15   conspiracy and fraud and that his other convictions depended on the conspiracy and fraud

16   counts.[15]

17

18                             **ANALYSIS**

19       "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith

20   award the writ or issue an order directing the respondent to show cause why the writ should not be

21   granted, unless it appears from the application that the applicant or person detained is not entitled

22   thereto." 28 U.S.C. § 2243. "Summary dismissal is appropriate only where the allegations in the

23   petition are vague or conclusory or palpably incredible, or patently frivolous or false." *Hendricks*

24   *v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (cleaned up).

25

26

27   [13] *Id.* at 6.

   [14] *Id.*

28   [15] *Id.* at 18–21.

1    The petitioner previously petitioned for habeas relief and there is a general rule against

2    unauthorized successive habeas petitions. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006)

3    (citing 28 U.S.C. § 2244(b)(2) and (3)). Nonetheless, the petitioner seeks relief here based on the

4    savings clause or "escape hatch" provided by § 2255(e), which permits a successive habeas

5    petition where the petitioner satisfies certain conditions.[16]

6    The Ninth Circuit has held that "a § 2241 petition is available under the 'escape hatch' of §

7    2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an

8    'unobstructed procedural shot' at presenting that claim." *Stephens*, 464 F.3d at 898; *see also Allen*

9    *v. Ives*, 950 F.3d 1184, 1188 (9th Cir. 2020). In this context, "actual innocence" means that "it is

10   more likely than not that no reasonable juror would have convicted" the petitioner. *Allen*, 950 F.3d

11   at 1188. Furthermore, evaluating whether the petitioner had an "unobstructed procedural shot"

12   depends on: "(1) whether the legal basis for petitioner's claim did not arise until after he had

13   exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way

14   relevant to petitioner's claim after that first § 2255 motion." *Id.* at 1190.

15   Based on these standards, the court cannot say that it is plainly apparent that the petitioner is

16   "not entitled to relief."

17

18                                             **CONCLUSION**

19   For the foregoing reasons,

20        1.   The petition warrants a response.

21        2.   The clerk must serve by mail a copy of this order, the petition, and all attachments

22             thereto upon the respondent.

23        3.   The clerk also must serve a copy of the "consent or declination to magistrate judge

24             jurisdiction" form upon the respondent.

25

26

27

28   [16] *Id.* at 17.

United States District Court
Northern District of California

1      4.  By May 31, 2022, the respondent must file and serve upon the petitioner an answer

2          conforming in all respects to Rule 5 of the Rules Governing Section 2255 Cases,

3          showing cause why a writ of habeas corpus should not be issued.

4      5.  The petitioner may submit a reply to the respondent's answer. Should he wish to do so,

5          he must file and serve upon the respondent the reply by June 30, 2022.

6  The matter will be taken under submission, or set for hearing, in the court's discretion.

7

8  **IT IS SO ORDERED.**

9  Dated: April 1, 2022

10  _____

11  LAUREL BEELER
    United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California